IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES BROWN, JR., #02230809 | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv609 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner James Brown, Jr., a prisoner confined within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to § 2254 challenging his Smith County, Texas, conviction. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the for the foregoing reasons, Petitioner Brown's petition should be dismissed, without prejudice, for the failure to exhaust state court remedies.

**I. Procedural History**

On October 1, 2018, after entering a guilty plea, Brown was sentenced to thirty-five years' imprisonment for one count of theft of property, enhanced due to his habitual offender status, (Dkt. #15, pg. 78). He filed a direct appeal, and the appellate court affirmed the judgment and sentence. *See Brown v. State*, 2019 WL 2119663, at *1 (Tex.App.—Tyler, 2019, no pet.). Brown did not file a petition for discretionary review. He filed a state habeas application on July 28, 2019, (Dkt. #15, pg. 247). The Texas Court of Criminal Appeals dismissed the application on October 23, 2019, because Brown's conviction was not final and the mandate had not issued. *Id.* at pg. 217. This petition followed, (Dkt. #1).

**II. Brown's Habeas Claims**

Brown maintains that trial counsel was ineffective for failing to "make adequate pretrial investigation and preparation," as he was not on his medication. He asserts that he was "doing what" counsel advised him to do even though he did not fully understand what he was doing. Brown further contends that his due process rights were violated when he was sentenced under an enhancement, as counsel "kept" his psychiatry records from the court. He seeks resentencing.

**III. Respondent's Answer**

After being ordered to do so, Respondent filed an answer addressing Brown's petition. Respondent urges this Court to dismiss the petition because Brown failed to exhaust his state court remedies. It argues that Brown bypassed the state courts and attempted to present original claims to the federal court before the state court had an opportunity to address them. Brown did not file a response.

**IV. Legal Standards**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not

2

entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**V. Discussion and Analysis**

As Respondent indicates, Brown's federal habeas petition should be dismissed without prejudice for his failure to exhaust his required state court remedies. A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect prisoner's rights. *See* 28 U.S.C. § 2254(b) & (c). To exhaust properly, a petitioner must "fairly present" all of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270 (1971) ("Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal court."); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). In Texas, all claims must be presented to and ruled

on by the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Exhaustion is mandatory.

Here, Brown never presented these habeas claims to the highest state court in Texas. While he filed a state habeas application, the Texas Court of Criminal Appeals dismissed the application because Brown's conviction was not final, (Dkt. #15, pg. id. #98). In dismissing the application, the state court cited *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000), which provides that the court does not have jurisdiction to consider a state habeas application until the felony judgment is final—and that a direct appeal is final for state purposes when the mandate issues. When a petitioner raises habeas claims in which merits will not—or were not—considered by the state court, the petitioner has failed to "fairly present" his claims to the state court and has therefore failed to exhaust state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Loynachan v. Davis*, 766 F. App'x 156, 1590 (5th Cir. 2019) ("To exhaust a claim, it must also be presented in a procedural context in which state courts *necessarily* review the claim on the merits.").

The Texas Court of Criminal Appeals dismissed Brown's state habeas application on procedural grounds because his conviction was not final. As a result, the court could not and did not reach the merits of his claims—demonstrating that Brown failed to "fairly present" his claims to the highest state court. His federal habeas claims are therefore unexhausted.

A district court may excuse a petitioner's failure to exhaust in two instances. The first exception allows a federal court to consider the merits of an unexhausted claim if there is not an available state remedy. 28 U.S.C. § 2254(b)(1)(B)(i). Second, the court may consider the merits of an unexhausted claim if circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii).

Here, as Respondent indicates, state habeas corpus proceedings remain available to Brown. He has a state remedy. Moreover, Brown has not demonstrated that the state process is ineffective to protect his rights. Brown bypassed the state courts before filing this federal habeas petition, and his failure to exhaust his claims in state court is not excusable.

## VI. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show

5

that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Brown failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. He is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner Brown's federal habeas corpus petition be dismissed, without prejudice, for the failure to exhaust state court remedies. It is further recommended that Brown be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 26th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

6